IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KORINTHIAN WILSON,

                Plaintiff,

v.

JANE AND JOHN DOES,

                Defendants.

OPINION and ORDER

25-cv-305-jdp

---

Plaintiff Korinthian Wilson, proceeding without counsel, alleges that defendants, transportation officers for the Oneida County Jail, stood by when his shackles became tangled as he exited a van, which caused him to fall and injure himself. Wilson brings a conscious-disregard-of-safety claim under the Eighth Amendment and a negligence claim under Wisconsin law.

Wilson proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Wilson's allegations as true and construe them generously, holding the complaint to a less stringent standard than for those a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim, but I will allow Wilson to amend the complaint to fix this problem.

ALLEGATIONS OF FACT

On November 7, 2024, defendants were dropping Wilson off at Dodge Correctional Institution. As Wilson walked down the van's steps to exit it, he got tangled up in his shackles

and fell face first, which caused him several injuries and serious pain. Defendants did not help Wilson as he walked down the van's steps and stood by and let him fall after his shackles became tangled.

ANALYSIS

A. Federal conscious-disregard-of-safety claim

I begin with some general principles of pleading, which are pertinent to the analysis below. Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *See id.* at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A prison official violates the Eighth Amendment if the official knows of and disregards an excessive risk to inmate . . . safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To state a claim, Wilson must plausibly allege that: (1) "he was incarcerated under conditions posing a substantial risk of serious harm"; and (2) defendants consciously disregarded that risk. *See Burgess v. Shima*, No. 21-cv-401-jdp, 2021 WL 5811225, at *2 (W.D. Wis. Dec. 7, 2021). Everyday hazards that could cause a prisoner to fall normally don't violate the Eighth Amendment. *See id.*; *see also Henderson v. Brown*, No. 08-cv-3172, 2010 WL 3861056, at *6 (N.D. Ill. Sept. 27, 2010) ("Exposure to the mere possibility of injury is a far cry from deliberate

subjection to a substantial risk of serious harm."). Negligence alone does not violate the Eighth Amendment. *See Acosta v. Maki*, No. 18-cv-726-jdp, 2018 WL 5016613, at *2 (W.D. Wis. Oct. 16, 2018).

Wilson alleges that his shackles became tangled as he walked down the van's steps without defendants' help, and that defendants stood by and let him fall. These allegations lack enough factual support to state a plausible Eighth Amendment claim. Wilson hasn't alleged, for instance: how many steps he had to walk down; how steep the steps were; how his shackles became tangled; how much time elapsed after his shackles became tangled and he fell; how he was positioned in relation to defendants when his shackles became tangled and he fell; or whether he asked defendants for help or what or other communications, if any, he had with defendants before he fell. I will not allow Wilson to proceed on a federal conscious-disregard-of-safety claim without factual allegations that would suggest that defendants were aware of a serious safety risk and disregarded it.

## B. State-law negligence claim

Without a federal claim, the court would not have jurisdiction over Wilson's state-law claim on the basis of diversity because he hasn't alleged that he and defendants have different citizenship, and his allegations don't suggest that they do. *See* Dkt. 1 ¶ 3.

When all federal claims have been dismissed, the general practice in federal court is to decline to exercise supplemental jurisdiction over the related state-law claims. *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). I'll follow that practice here and relinquish jurisdiction over Wilson's negligence claim without evaluating its merits. Wilson may replead this claim in the amended complaint.

CONCLUSION

I will allow Wilson to file an amended complaint that fixes the above pleading problems. In drafting his amended complaint, Wilson should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his rights. Wilson must take care to allege what each defendant did, or failed to do, to violate his rights.

- Wilson should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Wilson believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption, if that information is available to him. If Wilson must refer to a defendant as a Doe defendant, he should describe that individual as specifically as possible in the amended complaint's caption (e.g., "John Doe Day Shift Correctional Officer #1").

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Korinthian Wilson's complaint, Dkt. 1, is DISMISSED for failure to state a claim.

2. Plaintiff may have until August 7, 2025, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered July 8, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge